**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HAKOB AYVAZIAN,

               Plaintiff,

     v.

THE MOORE LAW GROUP, A
California Company; NELSON &
KENNARD, A Professional Company;
ENCORE RECEIVABLE
MANAGEMENT, INC., A Kansas
Corporation; REDLINE RECOVERY
SERVICES, LLC, A New York Limited
Liability Company; ASSET
ACCEPTANCE, LLC, A Delaware
Limited Liability Company

               Defendants.

Case No. 2:12-cv-01506-ODW(Ex)

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT [14]**

## I.   INTRODUCTION

Before the Court is Defendant The Moore Law Group's ("TMLG") renewed Motion for Summary Judgment as to the entirety of Plaintiff Hakob Ayvazian's Complaint.  (ECF No. 14.)  For the reasons discussed below, the Court **GRANTS** TMLG's Motion.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Plaintiff Hakob Ayvazian complains that on or about March 24 or 25, 2011, Defendant TMLG impermissibly ran Plaintiff's credit report.  (Compl. 8.)  Plaintiff's Complaint alleges six claims as a result of this contention: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (3) violation of the Fair Credit Reporting Act ("FCRA"); (4) violation of California's Consumer Credit Reporting Agency Act ("CCRAA"); (5) libel per se; and (6) invasion of privacy/false light. (ECF No. 3.)

TMLG moves for summary judgment on all six of Plaintiff's claims.  (ECF No. 14.)  TMLG maintains that it is a law firm and therefore exempt from liability under the Rosenthal Act.  (SUF ¶ 2; Moore Decl. ¶ 3.)  TMLG avers that it acted in full compliance with California and federal credit reporting and debt collection statutes when it viewed Plaintiff's credit report a single time, on March 25, 2011.  (SUF ¶ 3; Moore Decl. ¶ 4.)  TMLG further contends that it properly sent Plaintiff an initial demand letter on April 27, 2012, which provided Plaintiff full notice of the debt TMLG sought to collect and informed him of his right to request verification or validation of the debt within 30 days.  (SUF ¶ 7; Moore Decl. ¶ 7; Ex. 1.)

TMLG filed its Motion for Summary Judgment on May 17, 2012.  (ECF No. 14.)  On June 11, 2012, Plaintiff[2] attempted to file a consolidated Opposition and

---

[2] Plaintiff purports to bring this action *in pro se*.  TMLG notes, however, that Plaintiff's Complaint is virtually identical to that of multiple others filed by other *pro se* plaintiffs in this district.  (Mot. 2.)  In fact, Plaintiff's Complaint appears identical to two other complaints pending before this very Court.  *See Minasyan v. Creditors Financial Grp. LLC*, No. 2:12-cv-01864-ODW-FMO (C.D. Cal. Mar. 5, 2012); *Ayvazi v. Law Office George L Cohn*, No. 2:12-cv-04169 (C.D. Cal. May 14, 2012).  In ruling on TMLG's Motion for Rule 11 Sanctions in *Minasyan*, the Court discovered these similarities and noted the possibility that Arshak Bartoumian, Plaintiff's counsel in *Minasyan*, was assisting Mr. Ayvazian in the present case.  *Minasyan*, No. 12-1864, ECF No. 53, at 7 ("While the plaintiff in *Ayvazian*, currently purports to be proceeding *in pro se*, the plaintiff's complaint in that case is identical to the complaint in this and the other cited cases where Mr. Bartoumian is counsel of record.  This leads the Court to suspect that Mr. Bartoumian has a hand in *Ayvazian* as well, despite the plaintiff's *pro se* status." (citation omitted)).  The Court advises Plaintiff and anyone who may be assisting him that the practice of "ghostwriting" violates the rules of professional conduct

Cross-Motion for Summary Judgment, which the Court ordered stricken for failure to lodge a statement of genuine issues of material fact with Plaintiff's Opposition in violation of Local Rule 56-2 and for failure to file a statement of undisputed facts and conclusions of law with Plaintiff's cross-motion in violation of Local Rule 56-1. (ECF Nos. 28, 30.)   Plaintiff subsequently refiled his consolidated Opposition and Cross-Motion on June 27, 2012.  (ECF No. 39.)  While Plaintiff did file the necessary statements of genuine issues of material fact and uncontroverted facts with this refiling, the Court nevertheless struck Plaintiff's Opposition and Cross-Motion again, this time for failure to schedule the hearing on Plaintiff's Cross-Motion at least 28 days after the date the Cross-Motion was filed.  (ECF No. 43.)  Because Plaintiff's Opposition was filed within the same document as the Cross-Motion, Plaintiff's Opposition has been stricken as well.  As a result of Plaintiff's repeated failures to comply with the Local Rules, TMLG's Motion stands unopposed.  In spite of these deficiencies, however, the Court moves forward to assess the merits of the Motion for Summary Judgment.

### III.   LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial.  *Id.*; Fed. R. Civ. P. 56(c).  Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat

---

and undermines Plaintiff's *pro se* status.  *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998) ("[A]ttorneys cross the line . . . when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented . . . in a motion before the [c]ourt.").

1    summary judgment.  *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th
2    Cir. 1979).

3         A genuine issue of material fact must be more than a scintilla of evidence, or
4    evidence that is merely colorable or not significantly probative.  *Addisu v. Fred*
5    *Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).  A disputed fact is "material" where the
6    resolution of that fact might affect the outcome of the suit under the governing law.
7    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).  An issue is "genuine" if
8    the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving
9    party.  *Id.*  Where the moving and nonmoving parties' versions of events differ, courts
10   are required to view the facts and draw reasonable inferences in the light most
11   favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV.   DISCUSSION

12        The Moore Law Group moves for summary judgment with respect to Plaintiff's
13   entire complaint.  The Court will consider each claim in turn.

### A. First and Second Claim for Violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act

17        Plaintiff alleges that TLMG has failed to follow notification requirements under
18   the FDCPA, 15 U.S.C. § 1692e(11), and the Rosenthal Act, Cal. Civ. Code
19   §§ 1788.17, 1788.30.  (Compl. 11–12.)[3]  TMLG, however, states that the April 27,
20   2012 demand letter it sent Plaintiff satisfied all disclosure and notice criteria in the
21   FDCPA, and that TMLG is exempt from liability under the Rosenthal Act.  (SUF
22   ¶¶ 7,9; Moore Decl. Ex. 1; Mot. 14–15.)

23        The FDCPA prohibits debt collectors from employing unfair or unconscionable
24   means to collect a debt.  § 1692(f).  A "debt collector" under the FDCPA is any
25   person or entity with the principal purpose of collecting of any debts, "or who
26   regularly collects or attempts to collect, directly or indirectly, debts owed or due or

---

[3] Throughout Plaintiff's Complaint, Plaintiff restarts the paragraph numbers for each separate claim. For clarity's sake, this Order references paragraphs in the Complaint first by page number.

asserted to be owed or due another."   15 U.S.C. § 1692a(6).   A debt collector collecting a debt under the FDCPA must give a consumer written notice providing: (1) the amount of the debt; (2) the name of the creditor to whom the consumer owes the debt; (3) a statement that the consumer has 30 days from receipt of the notice to dispute the validity of the debt before it is assumed valid; (4) a statement that if the consumer disputes the debt within 30 days, the debt collector has the duty to verify the debt or obtain a copy of the judgment against the consumer and mail it to him or her; and (5) a statement that, upon the consumer's written request within the original 30-day period, the debt collector will give the consumer the name and address of the original creditor, if it is different from the current.  § 1692g(a).

The Rosenthal Act largely mirrors the FDCPA.  It provides that, with limited exceptions, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of" the FDCPA.  Cal. Civ. Code § 1788.17.  The Rosenthal Act defines a debt collector as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).  The one marked difference between the FDCPA and the Rosenthal Act is that the Rosenthal Act specifically exempts attorneys and law firms from liability as debt collectors.  Cal. Civ. Code 1788.2(c); *Owings v. Hunt & Henriques*, No. 08cv1931-L(NLS), 2010 WL 3489342, at *3 (S.D. Cal. Sept. 3, 2010) (citing *Carney v. Rotkin, Schmerin & McIntyre,* 206 Cal. App. 3d 1513, 1518, 1526 (1988)) (rejecting the contention that section 1788.2(c) exempts attorneys but not law firms and holding that "Hunt cannot be held liable under the Rosenthal Act").  TMLG can therefore not be held liable for an RFCPA violation, and thus Plaintiff's second claim fails against TMLG as a matter of law.

TMLG provides evidence that it sent a demand letter to Plaintiff satisfying all of the factors required in § 1692g(a).  (SUF ¶¶ 7, 9; Moore Decl. ¶¶ 7, 9; Ex. 1.) Plaintiff failed to properly oppose TMLG's Motion and therefore has not come forward with any evidence to dispute TMLG's evidence and contentions.  Plaintiff

therefore has failed to meet his burden of identifying specific facts showing a genuine issue of material fact with respect to his first claim.

No triable issue of fact exists to support Plaintiff's first or second claims. Accordingly, the Court **GRANTS** summary judgment as to the first and the second claims.

**B. Third and Fourth Claim for Violations of the Fair Credit Reporting Act and California's Consumer Credit Reporting Agencies Act.**

Plaintiff alleges that TMLG employed unfair credit reporting practices in violation of the FCRA, 15 U.S.C. § 1681, and obtained or reviewed his credit for an impermissible purpose in violation of the CCRAA, Cal. Civ. Code § 1785.11. (Compl. 12–13.)  TMLG responds that it acted in full compliance with the FCRA and CCRAA when it ran Plaintiff's credit report.  (Mot. 8.)  Furthermore, TMLG states that it is not liable under the CCRAA because TMLG is a law firm, and the statute applies only to consumer reporting agencies or users of information.  (Mot. 10.)

The FCRA and the CCRAA provide that consumer reporting agencies and users of information may not willfully or negligently obtain or review an individual's credit report without a permissible purpose.  15 U.S.C. § 1681b; Cal. Civ. Code § 1785.11. The FCRA and the CCRAA have similar standards as to what constitutes a "permissible purpose."

Section 1681b of the FCRA establishes that a consumer reporting agency may only furnish a consumer report to, among others, a person "it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished."  A "credit reporting agency" is defined within the FCRA as any person or entity that regularly engages in the practice of assembling or evaluating consumer credit information for profit "for the purpose of furnishing consumer reports to third parties."  15 U.S.C. § 1681f.  The meaning of the term "user of information" is only defined within § 1681m, which states that a user of information is one who "takes any adverse action with respect to

any consumer that is based" on information within a consumer report.   15 U.S.C. § 1681m.  The CCRAA largely subsumes the language of the FCRA and applies the same standards and definitions to consumer reporting agencies.  *See* Cal. Civ. Code § 1785.11(3)(A).

TMLG has the initial burden of proof on summary judgment to negate any issue of fact.  TMLG contends that it acted permissibly on behalf of a creditor in an attempt to collect a valid debt from Plaintiff.  (Mot. 12, SUF ¶ 5.)  Specifically, TMLG avers that it was collecting on a valid debt voluntarily entered into by Plaintiff, which it had an absolute right to do under the FCRA, 15 U.S.C.§ 1681b, and performed in full compliance with the CCRAA, Cal. Civ. Code § 1785.11.  (Mot. 8.)  Moreover, TMLG denies that it is a credit-reporting agency or a user of information within the meaning of the FCRA; rather, TMLG establishes that it is a law firm that does not furnish reports containing consumer credit information or other information on consumers to third parties and is therefore not subject to liability under the FCRA. (Mot. 12–13; SUF ¶¶ 2, 6.)

In light of TMLG's contentions and evidence, the Court finds that TMLG has met its burden of persuasion on Plaintiff's third and fourth claims.  The onus therefore shifts Plaintiff to prove that there exists a triable issue of fact.  But Plaintiff has failed to provide any evidence that might support his claim against TMLG, or even personalized facts or allegations that add meat to the bare-bones statutory language contained in the Complaint. (Mot. 12–13.)  Thus, the only evidence that the Court has to rely on is TMLG's.  Based on the foregoing evidence, the Court is unconvinced that a genuine issue of fact exists with respect to TMLG's alleged violations of the FRCA or CCRAA.  Accordingly, the Court **GRANTS** summary judgment as to Plaintiff's third and fourth claims.

**C. Fifth and Sixth Claims for Defamation-Libel and Invasion of Privacy/False Light.**

Plaintiff contends that TMLG's single credit inquiry constitutes defamation and libel per se, and as a result of TMLG's conduct he suffered shame and embarrassment, loss of reputation, and severe emotional distress. (Compl. 14.) Plaintiff also alleges that TMLG's credit inquiry was unauthorized, constitutes an invasion of his privacy, and portrays him in a false light. (*Id.* at 14–15.) TMLG responds that these claims have no legal or factual basis and reasserts that it acted in full compliance with the Rosenthal Act. (Mot. 17.) In any event, TMLG maintains that it remains exempt from liability because it is not a debt collector as described in that Act. (*Id.* at 16.)

There is no case law to support Plaintiff's claim that making a single credit inquiry constitutes libel per se. (Compl. 14.) Nor is there a legal basis for Plaintiff's assertion that a credit inquiry creates a "presumption" of fiscal irresponsibility. (*Id.*) Libel requires a false and unprivileged publication exposing the subject of the publication to hatred, contempt, or ridicule." Cal. Civ. Code § 45. Moreover, libel per se imposes an even higher burden of proof on Plaintiff. Libel per se requires language that is defamatory on its face—that is, the defamatory statement is so obviously defamatory as to have no need for extrinsic explanation. Cal. Civ. Code § 45a. To establish a claim for libel per se, therefore, Plaintiff must show that TMLG published material that is so overtly and clearly defamatory that it requires no proof or explanation.

Plaintiff's assertion that running a credit report a single time constitutes libel per se is absurd. TMLG never published any information about Plaintiff—it merely sent Plaintiff a demand letter notifying him that TMLG sought to collect on Plaintiff's debt. (Moore Decl. Ex. 1.) Furthermore, Plaintiff in fact owed a debt for $7,453.71. (SUF 4; Moore Decl. ¶ 3.) Thus, TMLG's allegedly defamatory statement appears both unpublished and true. *Id.* Plaintiff offers no evidence to counter these facts, and thus does not raise a disputable issue of fact for his libel per se claim.

It further strains credulity to believe that TMLG's running Plaintiff's credit report could constitute an invasion of privacy. In California, "privacy . . . must be

evaluated with respect to the identity of the alleged intruder and the nature of the intrusion." *Taus v. Loftus*, 40 Cal. 4th 683, 737 (2007).  Additionally, an invasion of privacy is only actionable if it is "highly offensive to a reasonable person."  *Id.* at 724.  TMLG's act of running Plaintiff's credit report in connection with an owing and defaulted-upon debt and its collection is not an invasion of privacy highly offensive to a reasonable person.

Based on the evidence, TMLG has satisfied its burden and proved that it did not defame Plaintiff, invade his privacy, or place him in a false light.  Because Plaintiff provides no evidence to carry his own burden on summary judgment, the Court finds that Plaintiff fails to raise a disputable issue of fact.   Accordingly, the Court **GRANTS** summary judgment as to Plaintiff's fifth and sixth claims.

## V.    CONCLUSION

For the above reasons, the Court finds that Plaintiff has failed to meet his burden to go beyond the pleadings and identify specific facts through admissible evidence establishing a genuine issue for trial.   TMLG's Motion for Summary Judgment is therefore **GRANTED** in its entirety.  TMLG shall lodge with the Court a Proposed Judgment consistent with this Order within 10 days.

**IT IS SO ORDERED.**


July 3, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**